J-S26042-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMIE R. SEVERANCE | |
| Appellant | No. 1828 MDA 2014 |

Appeal from the Judgment of Sentence October 9, 2014
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0001317-2014

BEFORE: OTT, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED MAY 21, 2015**

Appellant Jamie R. Severance appeals from the judgment of sentence following his conviction for driving under the influence of alcohol or controlled substance, high rate of alcohol.[1] After review, we affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this appeal are as follows. On May 15, 2013, Appellant was operating a motor vehicle while under the influence of alcohol. N.T., 10/9/14, at 4. On October 9, 2014, Appellant pled guilty to one count of driving under the influence of alcohol, high rate of alcohol.[2] The same day, the court sentenced Appellant to five years of

---

[1] 75 Pa.C.S. § 3802(b).

[2] A driving under the influence of alcohol, general impairment, count was *nolle prossed*.

intermediate punishment, the first 90 days as incarceration for which Appellant received credit for time previously served.[3] The court directed Appellant to have a drug and alcohol evaluation, to refrain from frequenting alcohol-serving establishments, and to complete the alcohol safe driving school. Additionally, Appellant was ordered to undergo ignition interlock for 12 months and to pay a fine of $2,500.00 and the costs of prosecution, and his license was suspended for 18 months.

On October 10, 2014, Appellant filed a petition for reconsideration of sentence, which the court denied on October 14, 2014. On October 29, 2014, Appellant timely filed a notice of appeal. On October 30, 2014, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and he timely complied on November 5, 2014. On January 9, 2015, Appellant's counsel filed a petition for leave to withdraw along with an *Anders* brief.

As a preliminary matter, appellate counsel seeks to withdraw her representation pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa.2009). Prior to withdrawing as counsel on a direct appeal under

---

[3] Because Appellant received credit for time served, he was immediately eligible for parole. The court also placed Appellant on a random alcohol and drug testing system for the first 90 days of his parole.

*Anders*, counsel must file a brief that meets the requirements established by our Supreme Court in *Santiago*.  The brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.  Counsel must also provide a copy of the *Anders* brief to the appellant, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the Anders brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa.Super.2007), *appeal denied*, 936 A.2d 40 (Pa.2007).  Substantial compliance with these requirements is sufficient.  *Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa.Super.2007).  "After establishing that the antecedent requirements have been met, this Court must then make an independent evaluation of the record to determine whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Palm*, 903 A.2d 1244, 1246 (Pa.Super.2006).

Here, counsel filed a petition for leave to withdraw as counsel along with an *Anders* brief and a letter advising Appellant of his right to obtain new counsel or proceed *pro se* to raise any points he deems worthy of the

court's attention in addition to the ones raised in the **Anders** brief. The petition states counsel determined there were no non-frivolous issues to be raised on appeal,[4] notified Appellant of the withdrawal request, supplied him with a copy of the **Anders** brief, and sent him a letter explaining his right to proceed *pro se* or with new, privately-retained counsel to raise any additional points or arguments that Appellant believed had merit. In the **Anders** brief, counsel provides a summary of the facts and procedural history of the case with citations to the record, refers to evidence of record that might arguably support the issue raised on appeal, provides citations to relevant case law, and states her conclusion that the appeal is wholly frivolous and his reasons therefor. **See Anders** Brief, at 5-13. Accordingly, counsel has substantially complied with the requirements of **Anders** and **Santiago**.

As Appellant filed neither a *pro se* brief nor a counseled brief with new, privately-retained counsel, we review this appeal based on the issues raised in the **Anders** brief:

> WHETHER THE SENTENCE IMPOSED WAS INAPPROPRIATELY HARSH AND EXCESSIVE AND AN ABUSE OF DISCRETION?

---

[4] Although the petition to withdraw does not state that counsel made an extensive review of the record before determining Appellant had no issues of arguable merit, she states in the **Anders** brief that she "made a conscientious examination of the record and ultimately determined an appeal would be wholly frivolous." **Anders** Brief at 13.

> WHETHER THE COURT FAILED TO CONSIDER THAT THE APPELLANT IS A PRODUCT OF PARTICULAR CIRCUMSTANCES AND CONDITIONS OF ENVIRONMENT, BUT THAT THESE MATTERS WERE NOT FULLY AND COMPLETELY EXPRESSED AT THE TIME OF SENTENCING?

*Anders* Brief at 4.

In both of his issues, Appellant challenges the discretionary aspects of his sentence. He claims that his sentence was excessively harsh and that the court failed to consider mitigating factors, specifically Appellant's environment and alcohol problem. Appellant's issues merit no relief.

Initially, Appellant has waived his claims by entering into a negotiated guilty plea. *See Commonwealth v. Lincoln*, 72 A.3d 606, 609 (Pa.Super.2013) ("Pennsylvania law makes clear that by entering a guilty plea, the defendant waives his right to challenge on direct appeal all nonjurisdictional defects except the legality of the sentence and the validity of the plea.").

Even if not waived, challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right. *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa.Super.2011). Before this Court can address such a discretionary challenge, an appellant must comply with the following requirements:

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4)

whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id.*

Presently, Appellant filed a timely notice of appeal and a post-sentence motion.[5] Further, Appellant's brief includes a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence pursuant to Pa.R.A.P. 2119(f). *See Anders* Brief at 9-10. We now must determine whether Appellant presents a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa.Super.2011). Further:

> A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Id.* (internal citations omitted).

_____

[5] In his petition for reconsideration of sentence, Appellant requests that the court reconsider his sentence due to conditions of his environment, but he does not specifically challenge the excessiveness of his sentence. Nevertheless, in light of Counsel's petition to withdraw, we will proceed to address whether Appellant raises a substantial question. *See Commonwealth v. Lilley*, 978 A.2d 995, 998 (Pa.Super.2009) (observing that *Anders* requires review of issues otherwise waived on appeal).

"An appellant making an excessiveness claim raises a substantial question when he sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa.Super.2014), *appeal denied,* 105 A.3d 736 (Pa.2014) (internal citations omitted).

Further,

> when an excessiveness claim is raised in cases where the sentence falls within the statutory limits, this Court is to review each claim on a case-by-case basis to determine whether a substantial question has been presented. The Supreme Court explained that while we need not accept bald allegations of excessiveness, where the appellant has provided a plausible argument that a sentence is contrary to the Sentencing Code or the fundamental norms underlying the sentencing process, a substantial question exists, requiring a grant of allowance of appeal of the discretionary aspects of the sentence.

*Commonwealth v. Simpson*, 829 A.2d 334, 337 (Pa.Super.2003) (citation omitted).

"[T]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa.Super.2013) (internal citation omitted).

Accordingly, neither Appellant's bald claim of excessiveness nor his claim that the court failed to consider mitigating factors raises a substantial question.[6] *See Simpson, supra; Disalvo, supra.*

Because Appellant does not raise a substantial question, we need not address whether the court abused its discretion in the imposition of its sentence.

Further, after an independent review of the record, we agree with Counsel that this appeal is wholly frivolous.

Judgment of sentence affirmed. Counsel's petition to withdraw granted.

_____

[6] Moreover, Appellant's claims are devoid of merit. His sentence of 5 years of intermediate punishment which includes only 90 days' incarceration was not only well within the guidelines which provide for 90 days to 5 years' incarceration, but the mandatory minimum for a third offense tier 2 DUI offense. Further, the court imposed $2,500.00 in fines, which was well below the $10,000.00 it could have imposed. Additionally, the court was aware that this was Appellant's third DUI offense. Appellant's counsel stated at sentencing: "I know that he wants to take responsibility for this. I know he's sorry for what he's done. You know, I think that he would indicate that he's had some issues in the past and I think he's willing to take control of those issues." N.T., 10/9/14, at 6. Counsel and the court then asked Appellant if he would like to speak to the court. Appellant said, "I'd like to thank – I am guilty, sir." *Id.* Appellant had his opportunity to speak and he cannot now claim that the court failed to consider anything Appellant did not raise.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/21/2015